UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT LAKES REINSURANCE (UK),

    Plaintiff,

v.                                                Case No.  8:07-cv-1662-T-24 MSS

MICHAEL MASTERS,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 6). Plaintiff opposes this motion.  (Doc. No. 7).

**I.  Background**

On September 17, 2007, Plaintiff Great Lakes Reinsurance ("Great Lakes") filed this suit against Defendant Michael Masters for a declaratory judgment.  Masters had obtained an insurance policy from Great Lakes that covered his yacht.  On July 17, 2007, while the insurance policy was in effect, the yacht sank.  Masters made a claim under the insurance policy, and Great Lakes contends that the loss is not covered and/or the policy should be declared void.

On September 27, 2007, Masters filed a breach of contract complaint against Great Lakes in state court.  Thereafter, Great Lakes removed the case to this Court, where it remains pending.[1]

**II.  Motion to Dismiss**

Masters moves to dismiss Great Lakes' declaratory judgment action, arguing that this

---

[1] Case No. 8:07-cv-1966

Court should exercise its discretion and decline to hear this case and let the breach of contract claim in the related lawsuit proceed. Great Lakes responds that this Court should hear this case, because the insurance policy contains a choice of law provision that indicates that federal admiralty law is to be applied. (Doc. No. 1, Ex. E, section 12). Great Lakes further argues that its claim involves the application of the admiralty law doctrine of *uberimmae fidei* and other admiralty issues that this Court is better equipped to hear than a state court would be, and as such, retention of this case by this Court will ensure that a federal court hears Great Lakes' claim.[2]

Pursuant to 28 U.S.C. § 2201(a), a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995). However, "[i]t only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal disinclination," the standard is clearly generous. *Angora v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986).

Upon consideration, the Court finds that it should hear this declaratory judgment case, especially given the fact that: (1) this case was the first-filed case, and (2) the dispute among the

---

[2] Masters has stated that he intends to add non-diverse defendants to his lawsuit for breach of contract then move to remand that case to state court.

parties involves the application of federal admiralty law.  Accordingly, it is ORDERED AND ADJUDGED that:

    (1)    Masters' Motion to Dismiss  (Doc. No. 6) is **DENIED**; and

    (2)    Masters' Motion for Leave to File a Reply (Doc. No. 8) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of December, 2007.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record