UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT LAKES REINSURANCE (UK) PLC,

    Plaintiff,

v.                                                   Case No. 8:07-cv-1662-T-24-MSS

MICHAEL MASTERS,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court on Plaintiff Great Lakes Reinsurance (UK) PLC's Motion to Strike (Doc. No. 14). Defendant has filed a response in opposition (Doc. No. 17).

**I.**    **Background**

Plaintiff Great Lakes Reinsurance ("Great Lakes") issued an insurance policy covering Defendant Michael Masters' ("Masters") motor yacht. On July 17, 2007, Masters' motor yacht sank while in a slip at ABC Marina. Subsequently, Great Lakes filed this suit seeking a declaratory judgment that it is not responsible for compensating Masters for his loss. In response, Masters asserted a breach of contract counterclaim, alleged diversity jurisdiction, and requested a jury trial. Thereafter, Great Lakes filed the instant motion to strike Masters' demand for a jury trial.

**II.**    **Discussion**

At issue in this motion is whether a defendant who has filed a counterclaim based on diversity jurisdiction may demand a jury trial when the plaintiff first filed an admiralty suit in federal court pursuant to Federal Rule of Civil Procedure 9(h). Masters argues that he a has a

Seventh Amendment right to have his breach of contract claim heard by a jury. Further, Masters argues that Great Lakes has undertaken "procedural fencing" to preclude Masters of his right to a jury trial. Masters' arguments are based largely on cases from the Fourth and Ninth Circuit Courts of Appeal. *See In Re: Lockheed Martin Corporation*, 503 F. 3d 351 (4th Cir. 2007)(finding the plaintiff's designation of its declaratory judgment claim as an admiralty claim did not prevent the defendant from obtaining a jury trial on its counterclaim that arose at law); *see also Wilmington Trust v. United States District Court for the District of Hawaii*, 934 F. 2d 1026 (9th Cir. 1991)(finding that a defendant's right to jury trial on its counterclaim trumps a Rule 9(h) election by a plaintiff if the defendant alleges an independent basis for jurisdiction). The cases Masters cites clearly articulate that the Seventh Amendment right to a jury trial trumps a plaintiff's Rule 9(h) election of a bench trial, but these non-binding cases are at odds with a case binding on this Court, *Harrison v. Flota Mercante Grancolumbiana, S. A.*, 577 F.2d 968 (5th Cir. 1978).

      Great Lakes has argued that its invocation of admiralty jurisdiction pursuant to Rule 9(h) results in a complete non-jury adjudication of the entire litigation, including any counterclaim, even in the face of another asserted basis for jurisdiction. The *Harrison* case supports Great Lakes' position.

      In *Harrison*, the court concluded that the plaintiff's election to proceed under Rule 9(h) trumped a fourth-party defendant's desire for a jury trial. *See id.* at 987. In coming to this conclusion, the *Harrison* court stated that it would not allow the third-party defendant to emasculate the plaintiff's Rule 9(h) election by suing a fourth-party defendant and asserting a claim at law. *See id.* The court also pointed out that the fourth-party complaint was based on the

same set of facts as the plaintiff's first-party complaint, and it noted that the plaintiff had amended his complaint and asserted a claim directly against the fourth-party defendant. *See id.*

Applying *Harrison* to the instant case, the Court finds that Masters is not entitled to a jury trial on his counterclaim. Instead, when a plaintiff elects to pursue a non-jury admiralty action pursuant to Rule 9(h), a counterclaiming defendant is not entitled to a jury trial, even if the counterclaim is based on an alternative basis for jurisdiction, if the counterclaim arises out of the same operative facts as the plaintiff's admiralty claim. *See id.* at 985-88; *All Underwriters Subscribing to Certificate of Ins. No. 98B1/800 Including Certain Underwriters at Lloyd's of London v. On the Loose Travel Inc.*, No. 99-0200-CIV, 1999 WL 694212, at *1 (S.D. Fla. Mar. 23, 1999); *Zurich Ins. Co. v. Banana Servs., Inc.*, No. 84-1508-Civ-EATON, 1984 WL 1888, at *1 (S.D. Fla. Nov. 26, 1984).

## II.  Conclusion

After careful consideration, the Court finds that Great Lakes' election to proceed in this declaratory action without a jury pursuant to Rule 9(h) trumps Masters' demand for a jury trial on his counterclaim. Accordingly, it is ORDERED AND ADJUDGED that Great Lakes' Motion to Strike Demand for a Jury Trial (Doc. No. 14) is **GRANTED**, and Great Lakes' Motion for Leave to File Reply Brief (Doc. No. 18) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of March, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3